Dear Mayor Domiano:
You advise that you currently serve as mayor of the Town of Independence, a Lawrason Act municipality governed by the provisions of R.S. 33:321, et seq. You seek the guidance of this office regarding your legal ability to hold the following two offices, specifically (1) street commissioner, and (2) municipal water and sewer district commissioner.
I. May the elected Mayor of the Town of Independence continue to holdthe position of street commissioner?
You currently serve as elected Mayor of the Town of Independence; you also hold the position of street commissioner for the town. You have served in both capacities continuously and uninterrupted since 1980.
At the outset, note that R.S. 42:63(D) of the Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., prohibits one from holding elective office and any employment with the town in which he holds an elective office. Further, one cannot hold local elective office and full-time appointive office in any political subdivision of the state. R.S. 42:63(D) states, in pertinent part:
 No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . .(Emphasis added).
R.S. 42:63(D) applied to the facts at hand would prohibit you from holding the full-time appointive office of street commissioner. However, in 1980 an exception in the statutes pertaining to Lawrason Act municipalities previously permitted a *Page 2 
mayor to hold the position of street commissioner. Former R.S. 33:381(B) provided, in pertinent part:
 The mayor and chief of police in all municipalities shall be elected at large. The street commissioner and clerk may be an alderman, and the mayor may be street commissioner, if the board of aldermen so decides. . . . (Emphasis added).
Thus, the law formerly permitted an elected mayor of a Lawrason Act municipality to serve as street commissioner, under R.S. 33:381, as an exception to the prohibitions of the dual-officeholding laws.
However, the legislature subsequently eliminated the exception afforded by R.S. 33:381(B). In Act 836 of the 1997 Regular Legislative Session, the legislature removed the ability of a mayor to serve as street commissioner under R.S. 33:381, and enacted R.S. 33:426 which now states that "the mayor may appoint a street commissioner subject to confirmation by the board of aldermen. . . .". The effective date of Act 836 was July 10, 1997.
Of interest in your situation is the language of Section 2 of Act 836, which suggests a "grandfather" provision with respect to a mayor serving as street commissioner on July 10, 1997. Section 2 of Act 836 provides:
 Any alderman serving as clerk and any mayor or alderman serving as street commissioner on July 10, 1997 may continue to serve in such capacity.
On July 10, 1997, a mayor who was serving as street commissioner was able to continue to serve in that capacity beyond the effective date. However, there has been some question about a mayor's ability to continue to serve in that capacity when he is reelected to office.
Addressing this particular scenario, this office previously concluded "it is our opinion that the Mayor serving as street commissioner [is] able to serve as street commissioner beyond the effective date of the Act under the explicit provisions of the amendment. However, we findthat the term of office of the mayor as street commissioner could beterminated at any time by the governing authority inasmuch as he wasserving at the pleasure of the appointing authority. See Attorney General Opinion 99-392, copy attached.
This office further stated in Opinion 99-932:
 Therefore, we must conclude a reelected Mayor who was serving as street commissioner on the date Act 836 1997 became effective would continue to serve until the board of *Page 3 aldermen confirms a new appointment. We particularly note that the amendment specifies that "any mayor or alderman serving as street commissioner on the effective date of this Act may continue to serve in such capacity." We feel this indicates service is at the pleasure of the appointing authority, and can be terminated. Until there is another appointment, the Mayor would continue to act as the Street Commissioner under his previous appointment.
In accord with Opinion 99-392, we conclude that your reelection as Mayor does not mandate that you hold the position as a reappointment; rather, you hold the position until you are reappointed to the position by the board of aldermen.
The appropriate time for the board of aldermen to reappoint you to the position of street commissioner is at the first regular meeting of the board of aldermen after the municipal election. R.S. 33:386(D) states:
 The term of the clerk, tax collector, nonelected chief of police, street commissioner, municipal attorney, and court magistrate shall end at the time of the first regular meeting of the board of aldermen succeeding each regular municipal election. (Emphasis added).
We do not mean to suggest that the board of aldermen may appoint another individual to serve as street commissioner, for there is no statute which empowers the board to do so. Rather, your reappointment by the board is responsive to the fact that your term as street commissioner ends at the time of the first regular meeting of the board of aldermen after the municipal election under R.S. 33:386(D).
If the board of aldermen does not reappoint you to the position of street commissioner, you would continue as a holdover[1] in the position until you as Mayor make a new appointment under authority of R.S. 33:426. This statute directs the mayor to make the appointment, providing that "the mayor may appoint a street commissioner subject to confirmation by the board of aldermen. . . .".
You cannot reappoint yourself to the position under R.S. 33:426. In general terms, the law prohibits one from appointing himself to a position over which he exercises authority. Such an appointment would be in violation of the incompatibility provisions of R.S. 42:64.[2] *Page 4 
 II. May the elected Mayor of the Town of Independence also hold theappointive position of commissioner of the municipal water and sewerdistrict board?
R.S. 33:3911 authorizes municipal corporations to create one or more sewerage districts within their respective limits. The governing authority of the municipality "shall be the governing authority of any sewerage district". R.S. 33:3913 further provides:
 The appointment of said board of sewerage commissioners shall be left to the discretion of the governing authority of the municipality creating the district and nothing herein shall require the appointment of such a board, and, if appointed, such board may be abolished at any time by a resolution adopted by unanimous vote of the governing authority for the municipality. (Emphasis added).
We conclude that a mayor may serve as commissioner on such a board, as R.S. 33:3913 states "the appointment of said board of commissioners shall be left to the discretion of the governing authority of the municipality". Further, R.S. 42:64A(1) states, in pertinent part:
 Local governmental subdivisions may appoint members of the governing body to boards and commissions created by them over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. A board or commission so created may elect officers from its own membership.
The municipal water and sewer district board is created by the municipality. Because R.S. 42:64A(1) permits local governing authorities to appoint their members to boards created by them, we conclude you may continue to serve as commissioner while you are Mayor. *Page 5 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.,
 Attorney General
 BY:
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
 ATTACHMENT January 7, 2000
OPINION 99-392
R.S. 33:426 78 — Officers
 The reelected Mayor would serve as street commissioner until asuccessor is appointed.
Mr. George L. Grace, Sr.
Mayor, Town of St. Gabriel
P.O. Box 597
St. Gabriel, LA 70776.
Dear Mayor Grace:
This office is in receipt of your request for an opinion of the Attorney General in regard to appointment as Street Commissioner. We note that you had been serving as mayor and street commissioner since June 19, 1997, and you were then re-elected Mayor in March of 1999. R.S.33:381(B) provided in part that "the street commissioner and clerk may be an alderman, and the mayor may be street commissioner, if the board of aldermen so decides", and R.S. 33:426 sets forth the duties of the street commissioner. Act 836 of 1997, effective July 10, 1997, amended various provisions of the Lawrason Act, and deleted that portion of R.S. 381(B) that provided the mayor may be street commissioner, and amended R.S. 33:426 to provide as follows:
The mayor may appoint a street commissioner subject to confirmation by the board of aldermen. The street commissioner shall, under the direction of the mayor and board of aldermen, have general control of the streets, alleys, avenues, and sidewalks; he shall see that they are always in proper repair; he shall have them worked, repaired, altered, paved, lighted, sprinkled, and everything else done that ought to be done to keep them in good repair and condition and he shall perform all other duties as directed by the mayor.
Section 2. Any alderman serving as clerk and any mayor or alderman serving as street commissioner on the effective date of this Act may continue to serve in such capacity.
Section 3. This Act shall become effective upon signature by the governor * * * *.
You present the following question:
Does the reelection of a Mayor, who has been legitimately appointed as Street Commissioner pursuant to LSA R.S. 33: 426 prior to the effective date of its amendment, act as a reappointment as Street Commissioner?
George L. Grace, Mayor OPINION 99-392 Page 2 There is no question that when Act 836 of 1997 became effective on July 10, 1997, which prohibited a Mayor from serving as street commissioner, the Act specifically allowed the mayor to continue to serve in such capacity for that term, although R.S. 33:386, as amended by Act 836, provides in Paragraph (D) that the term of the clerk, tax collector, non-elected chief of police, street commissioner, municipal attorney, and court magistrate shall end at the time of the first regular meeting of the board of aldermen succeeding each regular municipal election. However, it further specified in the amendment of R.S.33:426, entitled "street commissioner; duties", in Section 2, "Any alderman serving as clerk and any mayor or alderman serving as street commissioner on the effective date of this Act may continue to serve in such capacity."
It is our opinion that the Mayor serving as street commissioner was able to serve as street commissioner beyond the effective date of the Act under the explicit provisions of the amendment. However, we find that the term of office of the mayor as street commissioner could be terminated at any time by the governing authority inasmuch as he was serving at the pleasure of the appointing authority. Based upon the provision that "the mayor may be street commissioner, if the board of aldermen so decides", this office stated in Atty. Gen. Op. No. 87-205 as follows:
In accordance with the quoted provision, the mayor may be street commissioner if the board of aldermen decide to appoint him as street commissioner. It is not mandatory that the board of aldermen appoint the mayor as street commissioner, but they may make this appointment if they desire. The provision does not provide a tenure or term of office for this appointment so it can, in essence, be considered as an appointment where the officer serves at the pleasure of the appointing authority. Therefore, he can be removed whenever the appointing authority desires to remove him.
It was then concluded, "Thus, it is the opinion of this office that the board may fire or remove the mayor from his position as street commissioner."
Accordingly, we would conclude the reelection of the Mayor does not mandate that he holds the position as a reappointment, but until a successor is appointed under the law as amended. We find support for this conclusion by the fact that this office has observed that an appointee will remain in office until his successor is appointed.
Therefore, we must conclude a reelected Mayor who was serving as street commissioner on the date Act 836 1997 became effective would continue to serve until the board of aldermen confirms a new appointment. We particularly note that the amendment specifies that "any mayor or alderman serving as street commissioner on the effective date of this Act may
continue to serve in such capacity." We feel this indicates service is at the pleasure of the appointing authority, and can be terminated. Until there is another appointment, the Mayor would continue to act as the Street Commissioner under his previous appointment.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us. Sincerely yours,
By: BARBARA B. RUTLEDGE Assistant Attorney General
[1] R.S. 42:2 states:
 Public officer to hold office until successor inducted Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office.
[2] R.S. 42:64 provides, in pertinent part:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises powering conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other. . . .
 (2) The incumbent of one office, whether or not in conjunction with fellow officers, or employment receives the oath and/or bond of the incumbent of the other.
 (3) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is charged by law with instituting actions for penalties against the incumbent of the other office or employment.
 (4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.